1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                                DISTRICT OF NEVADA

8                                      * * *

9

10   THERESA CARSTEN,                          Case No. 3:12-cv-00493-MMD-WGC

11                              Plaintiff,
                                                              ORDER
12          v.
                                              (Motion to Dismiss – dkt. no. 5;
13   INTER-TRIBAL COUNCIL OF NEVADA, et       Motion to Dismiss the Amended Complaint
     al.,                                                   – dkt. no. 7)
14
                             Defendants.
15

16   I.     SUMMARY

17          Before the Court is Defendants Inter-tribal Council of Nevada ("ITCN"), Risa

18   Stearns, and Daryl Crawford's Motion to Dismiss (dkt. no. 5) and Motion to Dismiss the

19   Amended Complaint (dkt. no. 7).

20          For the reasons set forth below, the Motion to Dismiss the Amended Complaint

21   (dkt. no. 7) is granted and the Motion to Dismiss the initial complaint (dkt. no. 5) is

22   denied as moot.

23   II.    BACKGROUND

24          Plaintiff was employed by ITCN as the program director for the Women, Infants

25   and Children ("WIC") program until she was terminated on or about July 9, 2012. (See

26   dkt. nos. 3 at 2; 10 at 4.) Plaintiff alleges that, prior to termination, she had a serious

27   medical condition that made her eligible for time off under the Family and Medical Leave

28   Act ("FMLA"), 29 U.S.C. §§ 2601 et seq. (Dkt. no. 3.) Defendant Risa Sterns, the

1  personnel director for ITCN, allegedly denied her request for leave and Plaintiff was
2  terminated shortly thereafter. (*Id.*) Defendant Daryl Crawford, the executive director for
3  ITCN, allegedly wrote the termination letter. (*Id.*)

4      According to facts offered by Defendants that are uncontested by Plaintiff, ITCN is
5  a non-profit organization made up of 26 federally recognized Nevada tribes. (Dkt. no. 7
6  at 2.) It is governed by an executive board composed of tribal chairmen and chairwomen
7  from each of the tribes. (*Id.* at 3.) ITCN manages federal and state funded programs on
8  behalf of the member tribes including the WIC and other domestic violence, elder
9  nutrition and child care programs. (*Id.*)

10      Plaintiff claims that Defendants violated the FMLA by: (1) refusing Plaintiff leave;
11  and (2) terminating her for requesting leave. (Dkt. no. 3.)

12      Plaintiff filed the Amended Complaint on October 19, 2012. (Dkt. no. 3.) On
13  November 5, 2012, Defendants moved to dismiss the initial complaint. (Dkt. no. 5.)
14  Defendants moved to dismiss the amended complaint on November 20, 2012. (Dkt. no.
15  7.)

16  **III.    LEGAL STANDARD**

17      Sovereign immunity is a threshold issue that goes to the court's subject matter
18  jurisdiction. *Cassirer v. Kingdom of Spain*, 616 F.3d 1019, 1026 (9th Cir. 2010). When a
19  party makes a factual attack on the district court's subject matter jurisdiction under Rule
20  12(b)(1), the court "need not presume the truthfulness of the plaintiffs' allegations."
21  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) (citation omitted). The party asserting
22  jurisdiction bears the burden of establishing subject matter jurisdiction on a Rule 12(b)(1)
23  motion to dismiss. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).
24  In support of a motion to dismiss under Rule 12(b)(1), "the moving party may submit
25  affidavits or any other evidence properly before the court" and it "then becomes
26  necessary for the party opposing the motion to present affidavits or any other evidence
27  necessary to satisfy its burden of establishing that the court, in fact, possesses subject
28  matter jurisdiction." *Colwell v. Dep't of Health and Human Servs.*, 558 F.3d 1112, 1121

1  (9th Cir. 2009) (citing *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir.1989))

2  (internal quotations omitted).

3       Indian tribes are "domestic dependent nations" that exercise inherent sovereign

4  authority over their members and territories. *Okla. Tax Com'n v. Citizen Band*

5  *Potawatomi Indian Tribe of Okla.*, 498 U.S. 505, 509 (1991) (citation omitted). Private

6  suits against Indian tribes are thus barred by sovereign immunity absent a clear waiver

7  by the tribe or congressional abrogation. *Id.* (*citing Santa Clara Pueblo v. Martinez*, 436

8  U.S. 49, 58 (1978)).  Indian tribes do not enjoy sovereign immunity from suits brought by

9  the federal government. *E.E.O.C. v. Karuk Tribe Hous. Auth.*, 260 F.3d 1071, 1075 (9th

10  Cir 2001) (citations omitted).

11  **IV.    DISCUSSION**

12       Defendants argue that the ITCN is entitled to sovereign immunity. They move to

13  dismiss for lack of subject matter jurisdiction under Rule 12(b) and offer affidavits in

14  support. (Dkt. no. 7.) The Court construes Defendants' motion as a factual attack on the

15  Court's subject matter jurisdiction under Rule 12(b)(1). Plaintiff does not argue that the

16  ITCN waived immunity and the parties agree that the FMLA is silent as to whether a tribe

17  can be sued under its provisions. (*See* dkt. nos. 7 at 4; 10 at 1–2.) As there is no clear

18  waiver or congressional abrogation in this case, the question the Court faces is whether

19  the ITCN, as an inter-tribal council and not a tribe itself, can rightfully be entitled to

20  sovereign immunity.

21       Sovereign immunity is not limited to the tribe itself. "When the tribe establishes an

22  entity to conduct certain activities, the entity is immune if it functions as an arm of the

23  tribe." *Allen v. Gold Country Casino*, 464 F.3d 1044, 1046 (9th Cir. 2006) (citations

24  omitted). Sovereign immunity thus exists where the relevant entity's activities can be

25  properly attributed to the tribe. *See id.* While the Ninth Circuit has not ruled on whether

26  an inter-tribal council is entitled to sovereign immunity, in *Pink v. Modoc Indian Health*

27  *Project, Inc.*, 157 F.3d 1185, 1188 (9th Cir. 1998), the Ninth Circuit held that a non-profit

28  inter-tribal council is properly considered a tribe for the purposes of the Indian tribe

1   exception of Title VII. In so holding, the Ninth Circuit looked to the reasoning in *Dille v.*

2   *Council of Energy Res. Tribes*, 801 F.2d 373, 375–76 (10th Cir. 1986), which held that

3   Congress intended to exempt individual tribes *and* collective efforts by Indian tribes

4   because "the purpose of the tribal exemption, like the purpose of sovereign immunity

5   itself, was to promote the ability of Indian tribes to control their own enterprises." *See*

6   *Pink*, 157 F.3d at 1188. The Ninth Circuit recognized that the non-profit inter-tribal

7   council at issue had a board of directors consisting of representatives from each tribe,

8   was organized to control a collective enterprise of the tribes, and thus acted as an arm of

9   sovereign tribes. *Id.*

10        Consistent with the Ninth Circuit's reasoning in *Pink*, the Court finds that the ITCN

11   properly functions as an arm of sovereign tribes and is entitled to sovereign immunity.

12   This conclusion is further supported by this Court's determination, in *Inter-Tribal Council*

13   *of Nevada, Inc. v. Watt*, 592 F. Supp. 1297, 1298 (D. Nev. 1984), that the ITCN is an

14   appropriate representative of its tribes and has standing to represent the rights of the

15   tribes in this Court.

16        Defendants Sterns and Crawford are entitled to immunity as well. Tribal immunity

17   extends to employees of a tribe "acting in their official capacity and within the scope of

18   their authority." *Cook v. AVI Casino Enter., Inc.*, 548 F.3d 718, 727 (9th Cir. 2008).

19   Plaintiff has sued Sterns and Crawford in their official capacity only.

20        Plaintiff argues that the FMLA applies to the ITCN but the Court need not reach

21   that argument. Absent clear waiver or congressional abrogation, the Court does not

22   have the subject matter jurisdiction to consider this case. The cases cited by Plaintiff in

23   support of its argument that the ITCN is an employer subject to the FMLA are

24   inapplicable here. Those cases consider whether a general federal statute applies to a

25   ///

26   ///

27   ///

28   ///

4

tribe or tribal entity in suits brought by the tribes or the federal government. (*See* dkt. no. 10 at 2–5.)[1] Sovereign immunity was therefore not an issue in those cases.

## V.    CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion or reconsideration as they do not affect the outcome of the Motion.

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss the Amended Complaint (dkt. no. 7) is GRANTED. The Amended Complaint is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss (dkt. no. 5) is DENIED as moot.

ENTERED THIS 30th day of August, 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[1]*Federal Power Comm'n v. Tuscarora Indian Nation*, 362 U.S. 99 (1960) (suit brought by tribe for review of Federal Power Commission order); *Solis v. Matheson*, 563 F.3d 425 (9th Cir. 2009) (Secretary of Labor commenced OSHA proceeding); *National Labor Relations Board v. Chapa De Indian Health Program, Inc.*, 316 F.3d 995 (9th Cir. 2003) (National Labor Relations Board subpoenaed tribal organization and tribal organization appealed to district court); *Donovan v. Coeur d'Alene Tribal Farm*, 751 F.2d 1113 (9th Cir. 1985) (Secretary of Labor commenced OSHA proceeding); *U.S. Dept. of Labor v. Occupational Safety & Health Review Com'n*, 935 F.2d 182, (9th Cir. 1991) (Secretary of Labor commenced OSHA proceeding).