**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| THERESA CARSTEN,<br>Plaintiff,<br>vs.<br>INTER-TRIBAL COUNCIL OF NEVADA, et al.,<br>Defendants. | 3:12-cv-00493-MMD-WGC<br>**ORDER**<br>**re: Doc. # 24** |

Before the court is Plaintiff's Motion for Substitution of Proper Party. (Doc. # 24.[1]) No response was filed.

Following the apparent death of Defendant Risa Stevens, counsel for Ms. Stevens filed a Suggestion of the Death. Plaintiff's counsel recognizes Plaintiff is required to substitute another person or entity who or which will stand in the place of decedent. ( (*Id*., at 1-2; Fed. R. Civ. P. 25(a)(1). Plaintiff states she has filed this motion "seeking such a substitution of the estate and successors of Ms. Stearns into this matter." (*Id*., at 2.) But Plaintiff fails to identify any "estate" or "successor."

Plaintiff's motion recites the input from counsel for the Defendants (Mr. Story) regarding any successor to Ms. Stevens. It appears Mr. Story is not aware of a "proper party" who could be substituted for Ms. Stevens. (*Id.,* at 8.)

Plaintiff represents she "desires to substitute the proper individual(s) into the place of Ms. Stearns and is in need of proceedings and disclosures into who are the proper individual(s) to be substituted." (*Id*., at 2.) As the court reads Plaintiff's motion, Plaintiff wants Defendant's counsel to

[1] Refers to court's docket number.

identify a "successor." However, the court views it as being Plaintiff's responsibility to identify a successor party, not counsel for the decedent. In this matter Plaintiff is confusing the obligation of the party most closely associated with the decedent to provide notice of the party's demise with the obligation to identify and substitute a successor to the deceased party. Defendant's counsel, as noted above, has fulfilled the first element of Rule 25(a)'s requirement regarding filing the Suggestion of Death. But it is not also Defendants' counsel's responsibility to identify a successor to substitute and serve.

Plaintiff's motion does not designate whom she wants substituted in this case. She merely states that in accordance with Fed. R. Civ. P. 25(a), she wants "to substitute the proper party in place of Defendant Risa Stearns." (Doc. # 24 at 1.) But without any suggestion as to whom the Plaintiff wants substituted, the court does not see how it can afford Plaintiff any relief.

Plaintiff's motion (Doc. # 24) is **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

DATED: June 30, 2015.

William G. Cobb
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE